# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| *versus* | : CRIMINAL NO. 11-137-JJB-SCR |
| JONETTA F. BENNETT | : |

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to a Bill of Information charging bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B).

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the violation contained in the Bill of Information will be brought against the defendant in this district.

3.

The defendant understands the nature of the charges contained in the Bill of Information and understands that she is entitled, under the Fifth Amendment of the United States Constitution, to have the charges instituted by a Grand Jury Indictment. The defendant voluntarily waives her right to have the charges contained in the Bill of Information presented to a Grand Jury and agrees that the proceedings may be instituted by a Bill of Information.

4.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or act upon, information which the defendant may now or in the future provide or stand ready to provide.

5.

The United States Attorney agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

6.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial. Except as provided in Section 1B1.8(b) of the United States Sentencing Guidelines or as otherwise provided herein,

the information provided by the defendant pursuant to this Plea Agreement will not be used against her in computing the applicable guidelines range.

7.

Defendant understands and agrees that any of the following constitutes a material breach of the Plea Agreement: (1) failing to plead guilty to the Bill of Information at arraignment; (2) representing, directly or through counsel, to the United States or the Court that she will not plead guilty to the Bill of Information; (3) moving to withdraw her guilty plea; (4) filing an appeal or instituting other post-conviction proceedings not authorized by Paragraph 9; (5) disputing or denying factual guilt or any fact contained in the stipulated factual basis; (6) failing or refusing to waive indictment in open court at arraignment; (7) refusing to provide information or testimony; (8) providing false, misleading, or incomplete information or testimony; or (9) violating the terms of this Plea Agreement in any other manner. Defendant further understands and agrees that, if she breaches this Plea Agreement, she may be prosecuted for any criminal offense and any statements and information provided by the defendant, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the Plea Agreement itself (including the factual basis contained in Paragraph 11), statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant

expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410. The defendant's plea of guilty may not be withdrawn.

8.

The defendant agrees to fully and truthfully complete the financial statement provided to her by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, she agrees to provide the Office of the United States Attorney with any information or documentation in her possession regarding her financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against her, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate her capacity to pay the government's claim or judgment against her, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, she may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against her. The defendant's plea of guilty may not be withdrawn.

9.

The defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a

proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

10.

The defendant understands that, as a result of this Plea Agreement, she could receive a maximum sentence of ten years imprisonment, a $250,000 fine, or both. In addition, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, she may also receive a term of supervised release after imprisonment of not more than three years. The defendant further understands that supervised release is a period of supervision during which she must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of two years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when

sentencing.

11.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> At all relevant times, defendant **JONETTA F. BENNETT** was employed as a Program Manager for the Louisiana Governor's Office of Safe and Drug Free Schools and Communities ("Governor's Office of SDFSC"). At all relevant times, the Governor's Office of SDFSC received more than $1,000,000 annually in grants from the United States Department of Education. At all relevant times, K.C. was the representative of a non-profit corporation ("grantee corporation") which had been awarded a federally funded $22,000 grant by the Governor's Office of SDFSC for fiscal year July 1, 2009, to June 30, 2010 ("the grant").
>
> In early July 2010, defendant **BENNETT** contacted K.C. regarding the grant. She pointed out that K.C. had submitted expense reimbursements for only a few thousand dollars and that the grant would expire in several weeks. K.C. told defendant **BENNETT** that there were no additional expenses which would justify reimbursement. Defendant **BENNETT** suggested that K.C. request reimbursement anyway using fictitious documents. Defendant **BENNETT** said that she would approve the reimbursement and that the two of them could then split the proceeds. K.C. initially declined the suggestion and then reported the matter to the Federal Bureau of Investigation (FBI). On July 30, 2010, acting at the direction of the FBI, K.C. told defendant **BENNETT** that she would submit a fraudulent request for reimbursement as defendant **BENNETT** had suggested.

On several occasions, defendant **BENNETT** advised K.C. regarding how to formulate the fraudulent request and how to create fictitious documents in support of the request. In addition, defendant **BENNETT** fabricated an invoice and gave it to K.C. to be included in the fraudulent reimbursement package.

On August 2, 2010, K.C. submitted a fraudulent reimbursement package to defendant **BENNETT** at defendant **BENNETT**'s office. Defendant **BENNETT**, knowing that the reimbursement request was fraudulent, thereafter processed the request. As a result, on August 10, 2010, the State of Louisiana issued and mailed a check for $13,129.68 to the grantee corporation.

On August 18, 2010, defendant **BENNETT** met with K.C. at a restaurant in Baton Rouge, Louisiana, and accepted $8000 in cash from K.C. in exchange for her official assistance in handling the fraudulent reimbursement request submitted by K.C.

The defendant understands that the Court is not bound by this stipulation.

12.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is 16 or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing Guidelines, to decrease defendant's offense level by one additional level for acceptance of responsibility.

13.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

14.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to her as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that she has not been threatened, intimidated, or coerced in any manner.

15.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that she fully understands the agreement. The defendant has no objection to the legal representation she has received.

This Plea Agreement is entered into this 30th day of November, 2011, at Baton Rouge, Louisiana.

_____
JONETTA F. BENNETT
DEFENDANT

UNITED STATES OF AMERICA, by

_____
DONALD J. CAZAYOUX, JR., LBN 20742
UNITED STATES ATTORNEY

_____
MARION D. FLOYD, LBN 22902
COUNSEL FOR DEFENDANT
2214 3rd Street, Suite A
Kenner, LA 70062
Telephone: (504)467-3010
Fax: (504)467-3020
Email: floydmar@bellsouth.net

_____
M. PATRICIA JONES, LBN 18543
ASSISTANT U.S. ATTORNEY
777 Florida Street
Baton Rouge, LA 70801
Telephone: (225)389-0443
Fax: (225)389-0561
Email: patricia.jones4@usdoj.gov